FARMERS' NAT. BANK OF ANNAPOLIS v. UNDERWOOD et al.

(Supreme Court, Appellate Division, First Department. March 12, 1897.)

PLEADING—AMENDMENT OF ANSWER—LACHES.

Defendant was guilty of no laches warranting a denial of leave to serve a second amended answer, where 18 months' delay after the commencement of the action was caused by the unwarranted refusal of plaintiff's president to submit to an examination as to facts necessary to an amendment of the answer, the amended answer was served 30 days after the filing of such examination, and leave to make the second amendment was asked within 2 weeks thereafter.

Appeal from special term, New York county.

Action by the Farmers' National Bank of Annapolis against William A. Underwood and others. From an order denying defendant Underwood's motion for leave to serve a proposed amended answer, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Walter H. Underwood, for appellant.
C. De Hart Brower, for respondent.

PER CURIAM. This action was begun in 1894, and the delay for a year and a half in the service of the answer was caused by the refusal of the plaintiff's president to appear and be examined, so that the defendant could get the necessary information to enable him to serve the same. For that delay it cannot be said that the defendant is responsible, since the final conclusion of the court upon the application for the examination of the plaintiff's president was that his refusal to submit to the examination was not warranted. That examination was finally filed on the 14th day of September, 1896; and the defendant's amended answer, based upon the result of that examination, was served on the 14th of October, 1896. The application for leave to serve another amended answer was made during the latter month. It cannot be said, in view of these facts, that the defendant was guilty of any laches in his effort to get his case in such shape that it would be safe for him to try it.

It is not necessary to consider whether the amended answer as proposed is in all respects sufficient as a defense or as a counterclaim. All those questions can be determined upon the trial. It is enough at this time to say that the facts which are undisputed show that the defendant has been guilty of no laches in his effort to secure the amendment which he now asks for. The motion for leave to serve the amended answer should have been granted.

The order appealed from should therefore be reversed, with $10 costs and disbursements, to be paid by the respondent; and the defendant's motion for leave to serve an amended answer granted, on payment by him of $10 costs.